JOHN BUTLER, JR. V. THE STATE.

No. 11246.   Delivered January 25, 1928.

1. — Assault to Murder — Charge of Court — On Defensive Theory — Erroneous.

Where the evidence raised the issue on a trial for an assault to murder, it was error for the court to fail to submit the defensive theory of an aggravated assault, committed under the influence of sudden passion, aroused by an assault producing pain made upon appellant by prosecuting witness and his father.

2.—Same—Continued.

While the court did charge on aggravated assault based on the infliction of serious bodily injury to the person of prosecuting witness, this was not sufficient.

3.—Same—Continued.

The rule is stated by Mr. Branch to be "If, had death resulted the issue of manslaughter would be in the case, the court should charge on aggravated assault on the theory of sudden passion aroused by an adequate cause.   See Branch's P. C., Sec. 1678, and authorities there collated. Wadlington v. State, 19 Tex. Crim. App. 275.

Appeal from the District Court of Johnson County.   Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*J. K. Russell* and *F. E. Johnson* of Cleburne, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—The conviction was for assault to murder, the penalty two years in the penitentiary.

Prosecuting witness was cut with a knife by appellant.

By bill of exception No. 4 the question is presented of error committed by the trial court in failing and refusing to charge on aggravated assault based upon pain and anguish suffered by appellant at the time of such assault, which rendered his mind incapable of cool reflection.

Paragraph 5 of the court's main charge authorized a conviction upon one phase of aggravated assault based on the inflic-

tion of serious bodily injury to the person of prosecuting witness, but there is an entire absence of any instruction covering the matter above suggested.

The evidence for the state shows a wanton and unprovoked attack by appellant. The evidence for appellant shows, briefly and in substance, that a controversy arose at a dance between him and a third party; that he invited the third party out of the room to talk it over; that the father of prosecuting witness, without provocation, assaulted appellant, knocking him to the ground from the gallery, and seriously injuring his arm. That a few minutes afterwards prosecuting witness followed appellant out to appellant's car and without cause there assaulted appellant, knocking him down, and as he arose, he drew his knife and cut the prosecuting witness in self-defense. That at the time he was suffering severe pain from the effects of the two assaults upon him. A physician who examined appellant testified to various bruises on the body of appellant.

Under these facts, if prosecuting witness had died, would the issue of manslaughter under the law in force when this case was tried have been present in the case? Unquestionably it would. A killing done under the immediate influence of sudden passion arising from adequate cause, which is neither excused nor justified by law, is manslaughter. An assault and battery by deceased causing pain or bloodshed is deemed adequate cause. Art 1248, P. C. The evidence shows two assaults immediately preceding the act of appellant which caused severe pain and bloodshed. It was said in Wadlington v. State, 19 Tex. Crim. App. 275:

"Defendant should have had a charge on the law of manslaughter, with instructions that if from the insults and assault coupled together as adequate cause, they believed that defendant committed the act under the immediate influence of sudden passion, such as anger, rage or sudden resentment, sufficient to render his mind incapable of cool reflection, then they could find him guilty of no higher grade of offense than aggravated assault.

"This would have given him the benefit of aggravated assault in two of its phases; whereas the court's charge only gave him the benefit of one, viz., aggravated assault committed by means of a deadly weapon."

As further illustrative of the rule of law which demanded a further charge on aggravated assault, see following cases: Spivey v. State, 30 Tex. Crim. Rep. 343; Davis v. State, 257

S. W. 254; Sanchez v. State, 156 S. W. 218; Branch's Penal Code, paragraph 1681, and authorities there collated.

The rule is stated by Mr. Branch as follows:

"If, had death resulted, the issue of manslaughter would be in the case, the court should charge on aggravated assault on the theory of sudden passion aroused by an adequate cause." Branch's Penal Code, Sec. 1678, where a great number of authorities are collated in support of the rule.

Under the facts of this case the appellant was entitled to a charge on this additional phase of aggravated assault, and the court's failure to so charge presents a question which we think demands a reversal of the judgment of the trial court, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.